The document below is hereby signed.

Signed: April 12, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| SAMUEL W. HAIRSTON, IV, | ) | Case No. 16-00574 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE
OBJECTION TO CLAIM OF DEBTOR'S FORMER WIFE

Juanita L. Hairston-Price, the former wife of the debtor, Samuel W. Hairston, IV, has filed a proof of claim which asserts priority for a $25,527.69 claim based on a judgment of $12,763.89 plus interest. The debtor has filed an *Objection to Proof of Claim* (Dkt. No. 64)("*Objection*"), to which Hairston-Price has responded.[1]

---

[1] The claim was not filed timely, but the debtor has not objected to the claim on that basis. If the claim were disallowed on that basis, the part of the claim that is a domestic support obligation would not be discharged. Under 11 U.S.C. § 1328(a)(2), the debtor would remain liable for the domestic support obligation, as being of a kind described in 11 U.S.C. § 523(a)(5), despite any discharge. The debtor has thus had an incentive to pay whatever is owed as a domestic support obligation through his plan. If anyone had put the timeliness of the claim into question, the debtor would have been entitled under Fed. R. Bankr. P. 9006(b)(1) to seek an enlargement of time (requiring a showing of excusable neglect) to file a claim on behalf of Hairston-Price pursuant to Fed. R. Bankr. P. 3003.

I

At a hearing of April 4, 2019, the court arrived at the following resolution of the *Objection* with respect to the amounts owed on the petition date and the extent to which such amounts are owed for child support arrears.  In the parties' divorce proceeding, the debtor's child support obligations were fixed at $365 per month by a Consent Order of January 13, 2006, which the debtor concedes was retroactive to March 10, 2005, the date of the filing of Hairston-Price's counter-complaint seeking child support.  Treating payments as due on the 10th of each month, 11 payments of $365 per month came due during the period of March 10, 2005, to January 13, 2006, and child support obligations of $4,015 were incurred ($365 per month x 11).[2]  However, as of January 12, 2006, payments of $1,567.38 had been made towards the child support obligations, such that only $2,447.62 in child support was owed as of the Consent Order of January 13, 2006. Hairston-Price concedes that no child support obligations incurred after January 13, 2006, are in arrears.

The Consent Order of January 13, 2006, included a provision that the debtor pay to Hairston-Price $31,630.00 on or before May

---

[2] The debtor's objection used 10 as the number of months for which child support obligations had been incurred as of the date of entry of the judgment.  However, it is appropriate to treat payments as owed prospectively for each month, not retroactively in the following month.  Accordingly, 11 months was the number of months for which child support payments had been incurred as of January 13, 2006.

16, 2006, "for her interest in 11404 Cosca Park Place, Clinton, Maryland and in full payment of his child support arrears calculated through January 12, 2006." The debtor made two payments on the $31,630.00 obligation, reducing the balance owed to $12,763.89, and by an order of September 27, 2006, the divorce court awarded Hairston-Price the judgment against the debtor for that $12,763.89. The debtor concedes that the judgment bore interest at 10% per annum.

The debtor contended that the payments that reduced the balance to $12,763.89 should be allocated proportionately to the $2,447.62 child support obligation and the remainder of the $31,630.00 obligation. However, the court ruled that Hairston-Price was entitled to allocate the payments in the manner most favorable to her, and to treat none of the payments as applied to the $2,447.62 of child support obligations that had been included in the $31,630.00 obligation. The debtor elected not to request time to address that issue. Accordingly, the child support arrears component of the $12,763.89 judgment was $2,447.62, and interest at 10% per annum has run on that $2,447.62 from September 27, 2006, to October 31, 2016 (the date of the filing of the debtor's bankruptcy petition), a span of 10 years and 34 days. The remaining component of the judgment was $10,316.27, and interest at 10% per annum has run on that $10,316.27 from September 27, 2006, to October 31, 2016.

Accordingly, as of the petition date, Hairston-Price had:

- an allowed claim for child support of $4,918.04 ($2,447.62 plus 10 years and 34 days of interest at 10% per annum)), entitled to priority under 11 U.S.C. § 507(a)(1)(A) as a domestic support obligation, and
- an allowed claim of $20,728.64 ($10,316.27 plus 10 years and 34 days of interest at 10% per annum) not constituting a child support obligation.

II

Hairston-Price's claim asserted that the entire amount owed was a domestic support obligation, but she has not attempted to show that the claim for amounts other than child support were for support as opposed to only compensation for property that the debtor obtained incident to the divorce. Her response to the *Objection* noted that the child support obligation is covered by 11 U.S.C. § 507(a)(1)(A) (according priority to claims for domestic support obligations) and that "[a]ny other claim for a monetary award in lieu of a 11 U.S.C. § 507(a)(1)(A) obligation is also non-dischargeable under 11 U.S.C. § 523(a)(15)." However, a claim described in § 523(a)(15) is not a domestic support obligation and § 523(a)(15) does not accord priority to a claim described therein. It only addresses an issue of

dischargeability.[3]  Hairston-Price agreed at the hearing of April 4, 2019, that the court was properly ruling that the amount owed on the petition date for the obligation other than child support should be treated as a general unsecured claim not entitled to priority.

### III

Hairston-Price's proof of claim included a claim for postpetition interest.  Hairston-Price's claim is an allowed claim for postpetition interest as to only part of the claim.

The Bankruptcy Code bars treating as an allowed claim interest accruing postpetition under nonbankruptcy law on the obligation not constituting a child support obligation.  *See* 11 U.S.C. § 502(b)(2) (barring allowance of a claim to the extent that "such claim is for unmatured interest").

However, under 11 U.S.C. § 101(a)(14A), a domestic support obligation includes "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title."  It follows that the postpetition interest owed to Hairston-Price with respect to child support arrears (a type

---

[3]  For purposes of a Chapter 13 case, a claim is nondischargeable pursuant to § 523(a)(15) and 11 U.S.C. § 1328(c) if the debtor receives a so-called "hardship discharge" under 11 U.S.C. § 1328(b), but not if the debtor receives a discharge under 11 U.S.C. § 1328(a).

of domestic support obligation) is an allowed claim entitled to priority notwithstanding § 502(b)(5). *See In re Wright*, 438 B.R. 550, 552-53 (Bankr. M.D.N.C. 2010). The applicable nonbankruptcy law provides for interest of 10% per annum on Maryland judgments. Accordingly, the claim for child support of $2,447.62 included in the judgment of September 27, 2006, bears interest postpetition at 10% per annum or approximately $0.67 per day ($0.6705808 per day rounded down). That claim for postpetition interest of approximately $0.67 per day constitutes an allowed domestic support obligation entitled to priority.

The debtor's confirmed plan provides for full payment of claims entitled to priority. That provision for full payment includes paying the allowed priority claim for postpetition interest of approximately $0.67 per day on the part of the judgment that was for child support arrears. If the plan had attempted to provide that the priority claim for postpetition interest would *not* be paid, there are decisions holding that such a plan cannot be confirmed. *See In re Resendiz*, No. 12–10603, 2013 WL 6152921 (Bankr. S.D. Tex. Nov. 20, 2013).

IV

The hearing of April 4, 2019, was a scheduling conference, and the parties reached what I believe was an agreement stated on the record as to the basic resolution of the *Objection*. However, I did not address at the hearing the issue of postpetition

interest on the child support arrears. In addition, the parties may wish to examine the court's determination of the amount of the judgment owed on the petition date that was for child support and the court's interest calculations. Accordingly, I will defer entering a final order disposing of the objection to claim for 10 days so that each party may file a response to the order addressing errors, if any, that they find in the court's analysis, or making a request for a further hearing.

V

It is thus

ORDERED that the parties are each granted until 10 days after entry of this order to file a response concerning the court's analysis set forth above, and that if no response is filed, the court will decree that Hairston-Price has:

- an allowed claim, entitled to priority as a domestic support obligation, for child support of $4,918.04 plus postpetition interest of $0.6705808 per day, and
- an allowed claim of $20,728.64 not entitled to priority.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings;

Juanita L. Hairston-Price
6330 Tisbury Dr.
Burke, VA 22015
[By hand-mailing]